Mr. Justice NELSON
delivered the opinion of the court.
The judgment creditors who have joined in this bill have separate and distinct interests, depending upon separate and *210 distinct judgments. In no event could the sum in dispute of either party exceed the amount of their judgment, which is less than $2000. The bill being dismissed, each fails in obtaining payment of his demands. If i t had been sustained, and a decree rendered in their favor, it would only have been for the amount of the judgment of each. We say nothing as to the costs, as the statute excludes them on the question of jurisdiction.
■/ It is true, the litigation involves a common fund, which exceeds the sum of $2000, but neither of the judgment creditors has any interest in it exceeding the amount of his judgment. Hence, to sustain an appeal in this class of cases, where separate and distinct interests are in dispute, of au amount less than the statute inquires, and where the joinder of parties is permitted by the mere indulgence of the court, for its convenience, and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law.
The case is analogous to proceedings in admiralty in behalf of seamen for wages, and salvors for salvage, where the practice of the court is well settled.
In the case of the seaman, though the contract is separate and not joint, all may join in the libel and carry on the proceedings, in form, jointly, to the decree, which assigns to each severally the amount due. If the sum thus assigned is under $2000, neither party can appeal.* So in respect to the case of salvage, where the amount charged upon the goods of each of the several claimants is less than this sum.†
The case of Rich v. Lambert‡ furnishes another illustration. There, several owners of cargo, having separate and distinct interests, filed a libel against the vessel for damage done to the goods on the voyage. The court decreed damages in their favor, but with the exception of two of the cases the amount was under $2000. The court dismissed the appeals for want of jurisdiction.
*211 The only plausible ground upon which the jurisdiction can be sustained in the case before us is, that the several judgment creditors are proceeding against a common*fund, which each is interested to have applied to the payment of his demand. But the same ground for the jurisdiction existed in the case of the seaman, salvors, and owners of cargo for damages. The answer is,- that the interest of the judgment creditors in the common fund could not exceed the amount of their several and separate judgments, and if these are under the $2000, the same reason exists for cutting off the appeal as if the suit had been separate and not joint. Indeed, the joinder of parties complainant in the case of creditors’ bills is so much a matter of form, that new parties may come in at almost any stage of the proceedings on a proper application; and, under special circumstances, even after decree, if they can show an interest in the common fund. And the party first instituting proceedings may do so on behalf of himbelf and all other creditors who may come in and assume their share of the costs and expenses.
Dismissed for want of jurisdiction.
Note. — Similar decree made for the same reason in the case of Field v. Bigelow, and in one branch of Myers v. Fenn.

 Oliver v. Alexander, 6 Peters, 143.

 United States v. Carr, 8 Id. 9; Spear v. Place, 11 Howard, 522.

 12 Howard, 347.